**UNITED STATES v. MEREDITH.**

No. 9697.

United States Court of Appeals Seventh Circuit.

Feb. 7, 1949.

Rehearing Denied March 18, 1949.

John K. Meredith, pro se.

B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, MINTON, Circuit Judge, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant, a convicted prisoner, now in the custody of the United States, appeals from an order denying his amended motion "to correct the record so that it may speak the truth."

Three indictments were returned against defendant in the District Court. No. 8217, in seven counts, charged him with transporting in interstate commerce, various forged checks running from $100 to over $4000 each, in violation of Title 18 U.S.C.A. § 415 [now § 2314]; No. 8230 charged illegal transportation of a stolen automobile in interstate commerce in violation of the National Motor Vehicle Act, Title 18 U.S.C.A. § 408, [now §§ 2311–2313], and No. 8235 a similar violation of the National Motor Vehicle Act, in which another automobile was involved. Upon his arraignment defendant on July 22, 1944 appeared with counsel of his own choice, upon inquiry assured the court that he knew and understood the charges and, after consultation with counsel, pleaded guilty to each of the three indictments.

The transcript discloses that at the conclusion of this hearing the court directed in open court that the defendant receive in No. 8217, 20 years imprisonment and a fine of $5,000; that in each of the other two cases, defendant's sentence be 5 years; that the two sentences should run cumulatively with each other but concurrently with that in No. 8217, where 20 years imprisonment and $5,000 fine were to be entered. The court announced that the fine in each case would be $5,000 or a total of $15,000 and that the total imprisonment would be 20 years, and directed that formal sentences and judgments to this effect be prepared.

Shortly following this, formal judgments were prepared and entered each as of the date of the hearing, July 22, 1944. In No. 8217 the judgment sentenced the defendant to 20 years imprisonment and to pay a fine of $5,000. In Nos. 8230 and 8235, separate judgments provided for imprisonment of 5 years on each and a fine of $5,000 on each. In each of the latter two judgments it was ordered that the sentence of 5 years imprisonment should run cumulatively with

the sentence in the other of those two cases and run concurrently with that in No. 8217. Consequently the order of the court in open court of total imprisonment of 20 years and a total fine of $15,000 was carried into strict effect by formal judgments entered by the Clerk.

■ As we understand defendant's contention, it is that the formal judgments should have been prepared in his presence and that they do not speak the truth. We have examined carefully the transcript of what occurred in the courtroom and what appears in the formal judgments entered by the Clerk. There is no variance between them. The direction of the court at the hearing bears the same legal import that the formal judgments carry. The court followed the usual custom of having formal judgments entered subsequent to its disposition of the matters in open court. We know of no basis upon which this procedure can be justly criticized. The court clearly advised the defendant of his sentence at the time of the hearing and this was supplemented, as in all cases, whether civil or criminal, by formal judgments entered upon the court record in compliance with what the court had directed. There is no requirement in the law that the formal sentences be reduced to final form in the presence of the defendant. His rights were fully protected by the announcement of the court in his presence.

■ A similar appeal has been presented to the court heretofore in appeal No. 9321.[1] The same defendant appealed from an order denying his petition to vacate the judgments. In that petition, though defendant entitled it a motion to vacate the judgment, he asserted in various pleadings from time to time, that the judgments should be made to speak the truth. Apparently all issues raised here were presented to the court at that time, except the additional averment now made that the final judgment should have been written up in the presence of the defendant. This court affirmed the order of the trial court in that case on May 15, 1947. Consequently the decision on the issues involved there is now the law of the case. Ekberg v. United States, 1 Cir., 167 F.2d 380. As to the additional averment, we have already demonstrated that there is no merit in the contention that the formal judgments be actually typewritten and signed by the trial court in open court and in the presence of the defendant.

The order of the District Court is affirmed.