## HUDSON v. UNITED STATES.
### No. 6007.

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1950.

Decided March 10, 1950.
Writ of Certiorari Denied June 5, 1950.
See 70 S.Ct. 1029.

C. T. Graydon, Columbia, S. C., (John Grimball, Columbia, S. C., on the brief), for appellant.

Louis M. Shimel, Asst. U. S. Atty, Charleston, S. C. (Ben Scott Whaley, U. S. Atty. and Russell D. Miller, Asst. U. S. Atty., Charleston, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment and sentence upon a conviction of transporting an automobile in interstate commerce knowing it to have been stolen. Exception is taken to the sufficiency of the evidence and to the charge of the court on the question of scienter, but the questions raised are without merit. There is no dispute as to the automobile's having been stolen or as to its having been transported by appellant in interstate commerce; and we think that the proof was amply sufficient to take the case to the jury on the question of appellant's guilty knowledge. There was evidence that the automobile was purchased by defendant at an inadequate price; that he had it driven away in the night time from the section in which it was stolen; that the front and rear license tags were different; and that when apprehended appellant told the officers that he was merely a "little wheel" in the automobile theft ring and that the "big wheel" was one Allen, the man who had introduced to him the person from whom he claimed to have purchased the stolen car. There were other circumstances, but it is not necessary to go into them here. From those which we have mentioned, there can be no question but that the verdict of the jury was amply justified.

There is as little merit in the exception to the charge. The trial judge stressed that the question being tried was whether appellant knew that the car had been stolen; and, when counsel for appellant asked him to charge that circumstances sufficient to put a man on inquiry would not be sufficient, he said:

"Gentlemen of the jury, it may or may not. Facts or circumstances which would put a reasonable person on notice that the car was stolen might be so conclusive that there couldn't be any possible doubt about his knowing. It might be. I'm not saying that that is the case here. That is for you to determine. That isn't the criterion however. The criterion is what I have already told you; whether or not the evidence points so conclusively to the guilt of the accused as to exclude every other reasonable hypotheses except his guilt."

When the court had so charged, counsel for appellant said "Thank you. That's correct". Surely, after this, appellant should not be heard to question the correctness of the charge as given.

Affirmed.