## VOLTZ v. UNITED STATES.

### No. 13900.

United States Court of Appeals
Fifth Circuit.

May 10, 1952.

Rehearing Denied June 17, 1952.

Louis A. Voltz, in Propria Persona, Springfield, Mo., for appellant.

John D. Hill, U. S. Atty., L. Drew Redden, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order denying, on the record[1] made of the trial, a motion made

---

1. In United States v. Louis A. Voltz, Criminal No. 12396, in the District Court for the Southern District of Alabama, the defendant, on Aug. 12, 1949, appeared in open court in person and by attorney, waived indictment, and pleaded guilty to an information in four counts charging him with violation of Secs. 2312 and 2314, Title 18 U.S.C.A. Whereupon his prior criminal record was canvassed with him in open court in the presence of his counsel, and, asked if he wished to say anything before he was sentenced, and answering "No", the defendant was sen-

tenced to the custody of the attorney general for a period of seven years.

On Oct. 24, 1951, he filed, in the court of sentence, the Sec. 2255 motion now under consideration. In it he made no complaint of the proceedings in, or in connection with, his trial and sentence. Complaining only that actions of the St. Louis police in connection with his arrest resulted in coercing him into signing an admission of guilt before he was taken before the commissioner, he invoked the rule of the McNabb case, McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

under Sec. 2255, Title 28, to vacate his sentence, movant is here seeking the reversal of that order.

The district judge in the district of sentence reviewed the prior proceedings in the court, including the reporter's transcript thereof, and found: that defendant appeared in open court with his counsel and, after being advised of the nature of the charge against him, entered his plea of guilty; that no complaint was made and no information furnished to the court before, during, or after, the trial until the filing of this motion, that any illegal or even irregular proceedings had occurred in connection with the case; and that it was not at that time claimed that he had been, or was being, coerced into making a plea of guilty. On these findings he denied the motion.

 It is quite plain that his action in doing so was correct and that the appeal is wholly without merit. In each of the cases invoked by counsel below and in his brief, the defendant entered his plea of not guilty to a felony and proceeded to trial. The only instrument of his conviction in each case was an extra judicial confession. Each of these defendants at each step of the proceedings objected strenuously to the admission of these confessions into evidence on the ground that they had been executed on the threat of force, threats, duress, or coercion. In each case an examination was made into the circumstances surrounding the execution of the confession, and the Supreme Court found that the confessions were involuntary and inadmissible.

Here the defendant appeared in open court, waived indictment, was represented by competent and experienced counsel, and entered his plea of guilty. There followed a lengthy dialogue with the court concerning his extensive prior criminal record. He did not take advantage of his opportunity to inform the court of his claim that a confession, of which the court had no knowledge and which played no part in his confession or sentence, had been previously extorted from him by the police in St. Louis, Mo., outside of the jurisdiction of the sentencing court. Instead he stated freely to the court that he was guilty and discussed his participation in the crime.

 While it is established law that once an illegal confession *infects a trial,* the verdict of guilty must be set aside, no matter how free of taint the other evidence may be, Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Stroble v. State of California, U.S., 72 S.Ct. 599, it is equally clear that the burden is on the one claiming that a confession was illegally extorted from him to show that it *infected the trial.*

 What was said in Stroble's case, 72 S.Ct. at page 607, while said there of a state court conviction, is, because no claim that a confession had been extorted was made when this case was tried, equally applicable here:

"* * * *illegal acts of state officials prior to trial* are relevant only as they bear on petitioner's contention that he *has been deprived of a fair trial, either through the use of a coerced confession* or otherwise." (Emphasis supplied.)

In Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 242, 87 L.Ed. 268, the court said:

"If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality."

In Bowen v. U. S., 5 Cir., 192 F.2d 515, 517, a defendant, having tried his case with the aid of counsel on the theory that it would be best for him not to raise the question of a coerced confession, undertook there, as here, on a motion later filed pursuant to Section 2255, to raise it. What we said there is completely applicable here:

"After all, while it is of the essence of the constitutional principles which mark and distinguish our system: that trials be conducted according to law; that in short, the government be obliged to control itself; and that when one has been convicted in violation of those

principles he should be accorded relief; it is also of the essence: that the government be enabled to control the governed and to that end that judgments have finality; and that trials, conducted in accordance with law and ending in conviction, some day be at an end. Especially is it of the essence of orderly trials that the right to counsel accorded to defendants by the constitution be not regarded, as the argument here would seem to regard it, as a mere one way street such that, if the strategy and tactics of his trial counsel, in determining not to raise constitutional questions, prove unsuccessful, defendant, without appealing from the judgment, may [raising these questions] many years later set it aside in order that, on another trial with another counsel, another course raising these questions may be taken, and so on ad infinitum."

The order was correctly entered. It is affirmed.