**Donald E. LOUDEN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15179.

United States Court of Appeals Eighth Circuit.

May 31, 1955.

Donald E. Louden, pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., submitted brief for United States, Appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellant, having waived prosecution by indictment, was tried on an information in two counts filed by the United States Attorney. Count One charged that on October 15, 1953, appellant transported a stolen automobile from New Salem, North Dakota, to Lewistown, Montana, knowing it to have been stolen. Count Two charged that on October 29, 1953, he transported a stolen automobile from Lewistown, Montana, to Fargo, North Dakota, knowing the same to have been stolen.

Having been arrested in Minnesota, he was removed with his consent to Bismarck, North Dakota, for trial. When he appeared for arraignment it appeared, in answer to interrogatories by the court, that he had no attorney and had no money to employ one. At his request, on April 2, 1954, the court appointed Mr. Harold R. Jensen of Bismarck to represent him. The arraignment was deferred until April 12, 1954, to give Mr. Jensen time to consult with the defendant. Upon final arraignment defendant entered a plea of guilty, and the court deferred sentence until April 22, 1954, in order to give him an opportunity to see the report of the probation officer.

On April 22, 1954, it was shown that defendant had served a term of two years in a penitentiary; that he had been involved in a white slave case; that he was three times A.W.O.L. from the army; was court-martialed and discharged; that he had been guilty of bigamy, sodomy, petty larceny, grand larceny, adultery, bastardy, six car thefts or embezzlements, interstate transportation of six stolen cars, bad checks, statutory rape, burglary at Valley City and in the Black Hills; and when arrested he had a revolver and had stated that if he were ar-

rested he would "shoot it out with the police."

Mr. Jensen, his attorney, investigated his life and made a report to the court. He found that appellant's mother had asked him to leave home when he was only 15 years of age. He left but returned a year later and was again asked to leave by his mother. He worked in factories until he enlisted in the army in 1947, was trained in Kentucky and sent to Korea where he served in an Infantry Division, was transferred to Hawaii, and was returned to the United States on rotation. He was finally court-martialed for absence without leave. He asked only for leniency.

The court sentenced him to confinement in an institution to be designated by the Attorney General for a term of five years.

On July 16, 1954, the court, in compliance with the petition of the defendant, entered an order authorizing him to bring an action within 90 days under the provisions of § 2255 of Title 28 of the United States Code, in forma pauperis, without prepayment of fees or costs. On August 20, 1954, appellant filed a motion in the district court asking permission to withdraw his plea of guilty on the ground that such plea was the direct result of "government agents coercion, threats and promises" in that "Petitioner was visited in Hennepin County Jail, Minneapolis, Minnesota, a number of times whereupon he was told if he plead not guilty the government agents would see to it that the judge give petitioner ten (10) years; but if petitioner plead guilty he would get only one year." Wherefore he prayed that the court "allow the plea of guilty to be withdrawn, vacated and set aside, declare it null and void, and direct entry of judgment in favor of movant."

The motion was submitted to the Honorable Charles J. Vogel, a member of this court, sitting by assignment. Judge Vogel gave the case careful consideration and filed an opinion in connection with his ruling on the motion, in which he observed that the record disclosed nothing with reference to the alleged coercion of appellant while he was confined in the jail in Minneapolis. The record establishes that the plea of guilty was entered freely and willingly after ample opportunity had been given appellant to confer with the able counsel appointed by the court to defend him. See Voltz v. United States, 5 Cir., 196 F.2d 298, certiorari denied, 344 U.S. 859, 73 S.Ct. 99, 97 L. Ed. 667. It is not charged that any promises were made by the court or the United States attorney. Meredith v. United States, 4 Cir., 208 F.2d 680.

Clearly there is no basis in the record for the relief demanded by appellant. His contention that government officers visited him in jail and told him that unless he pleaded guilty he would receive a ten-year sentence was evidently conceived after he was committed to the penitentiary, for he did not mention it to the court or his attorney before that time.

Affirmed.