Sidney SMITH, Movant,

v.

UNITED STATES of America, Respondent.

Cr. No. 12268.

United States District Court
S. D. Texas, Houston Division.

June 4, 1956.

C. C. Divine, Houston, Tex., for movant.

Malcolm R. Wilkey, U. S. Atty., and Carlos G. Watson, Jr., Asst. U. S. Atty., Houston, Tex., for respondent.

HANNAY, Chief Judge.

Statement of the Case

Sidney Smith, movant here, was indicted in the Houston Division of the Southern District of Texas, on July 15, 1954, the Grand Jury having charged him with having conspired with two other persons, Carl Edward Lawder and Charles Louis Aaron, co-conspirators not indicted, to violate the narcotics laws of the United States.

The movant was found guilty, after trial before this Court, for the offense charged in the indictment, on November 22, 1954.

On December 10, 1954, the said defendant appeared with his counsel of record, Mr. Bernard Golding, before this Court and was sentenced to serve a term of three years in a penitentiary of the United States.

On May 3, 1956, Smith filed in this Court, pursuant to the provisions of Title 28, Section 2255, United States Code, a motion to vacate the sentence of the Court and to set aside the judgment of the Court.

The grounds advanced by Smith in support of the said motion were, in essence, two in number.

Firstly, the movant alleged in said motion that co-conspirator Carl Edward Lawder, who appeared as a witness for the United States against Smith at the trial, obtained, while in the custody of the United States Marshal, narcotics for the use of himself and of other persons, also Government witnesses against Smith, by means of illicit arrangements made by agents of the Federal Bureau of Narcotics. It was alleged that such arrangements by narcotics agents for the benefit of Lawder and others were made for the purpose of inducing Lawder falsely to testify to the detriment of Smith, the movant here, and it was alleged that Lawder and other government witnesses were actually under the influence of narcotics at the time of their testimony.

Secondly, the movant Smith, alleged that Mrs. Marguerite Fredericks, who was, at the time of the trial, serving a Federal sentence, was induced, by the threats, coercion, and promises of narcotics agents to give false testimony against Smith.

Both of these allegations were coupled, in the motion, with the assertion that three government witnesses, Lawder, Aaron, and Mrs. Fredericks, did in fact commit perjury at the trial, that their testimony was known to be false by the United States Attorney, and that it was presented to the Court by the prosecutor as a willful fraud upon the Court.

Appended to the motion of Smith were two purported affidavits, one of which was ascribed by Smith to Charles Louis Aaron, the other to Mrs. Marguerite Fredericks.

The so-called Aaron affidavit simply stated, in substance, that all of the testimony of Aaron at the trial of Smith was false. There was no statement in the so-called affidavit of Aaron setting forth what might have been his reasons for testifying falsely.

The purported affidavit of Mrs. Marguerite Fredericks was a more lengthy document. It set forth the details of alleged threats, coercion, and promises of parole, said to have been made by narcotics agents, and alleged that all of the testimony of Mrs. Fredericks was false, and that it was motivated by her hope of freedom and by her fear of further punishment.

Neither of the purported affidavits contained any allegations that the alleged perjury of the purported affiants was known to the office of the United States Attorney.

Thus it was that the sole support in the pleadings for the allegation of the movant that testimony of government witnesses had been known by the prosecution at the time of the trial to be false was the motion itself, as signed by Smith. The motion was supported by a jurat, in which Smith deposed, under oath, that the contents of the motion were true to his knowledge, except as to those matters alleged on information and belief, if any. All of the portions of the motion which refer to knowing use of perjury by the prosecuting attorney were direct affirmations, none of them having been alleged on information and belief.

By writ of this Court, Smith was brought before the Court from his place of confinement on May 8, 1956. He selected as his attorney in the prosecution of the motion Mr. C. C. Divine, a person not admitted to practice before this Court, and special permission was granted for the appearance of Mr. Divine in the case.

The movant having taken a pauper's oath, the use of the Court's power of

subpoena was granted to the movant, at the expense of the United States.

The hearing on the motion was held before me on May 17 and on May 19, 1956. All witnesses on behalf of movant and respondent having been heard, and the evidence concluded, the contentions of the parties were argued by counsel, and the proceedings thus concluded.

### Findings of Fact

I find the following facts with regard to this motion:

1. No evidence was presented by the movant to connect either the obtaining or the use of illicit narcotics with specific persons confined in Federal custody, and there was no evidence to show that government witnesses at the trial had obtained such narcotics or were under the influence of such narcotics at the time of their testimony before the Court. Also, there was no evidence that any Federal agent or officer either arranged the obtaining of such narcotics or had knowledge that they were obtained, if such was, indeed, the case. Moreover, agents White, Douglas, and Giordano, who were the officials of the Narcotics Bureau accused by the movant of having arranged the supply of illicit narcotics for government witnesses, categorically denied the truth of this allegation.

2. With regard to Carl Edward Lawder, a government witness who was alleged in the motion to have given false testimony at the trial of the movant, no evidence was presented to prove the truth of this allegation. Lawder appeared at the hearing as a witness for the movant and denied the truth of all of the movant's assertions regarding him, stating under oath that his testimony at the trial of Smith had been true and correct, that he was not under the influence of narcotic drugs at the time of testifying in the Smith case, and that he had no knowledge of the alleged obtaining of illicit narcotic drugs by himself and by other government witnesses against Smith.

3. With regard to Charles Louis Aaron, the testimony was that Aaron had signed, on June 17, 1955, the affidavit presented by the movant in support of the motion. Aaron testified that he had done so because of pressure exerted upon him by Smith, by C. C. Divine, the lawyer representing Smith in the hearing on the motion, and others. Aaron testified that the assertion in his affidavit of June, 1955, was false, and that his testimony at the trial of Smith was true and correct. Although Aaron was presented as a witness at the hearing by the movant, no testimony was obtained from him which tended to show any duress and coercion upon him, at or before the time of the Smith trial, by representatives of the government. Aaron did testify, on direct examination, that the movant, his counsel for the presentation of the motion, and other persons had exerted strong threats and pressure upon him to induce him to execute the affidavit made by him in June, 1955.

4. With regard to Mrs. Marguerite Fredericks, the attendance of Mrs. Fredericks at the hearing was accomplished on May 19, 1956. Mrs. Fredericks announced to the Court that she would prefer not to testify, and the movant acquiesced in the preference of Mrs. Fredericks. Thus, the state of the evidence concerning the allegations of the motion which relate to the testimony of Mrs. Fredericks is that it was not shown by movant that Mrs. Fredericks had at any time uttered and published as true the purported affidavit submitted in support of the motion. Although there was evidence presented by the movant that Mrs. Fredericks had dictated and signed her purported affidavit, it appeared that she was unwilling, under oath and in open court, to retract the testimony given by her at the Smith trial and was unwilling to support the affirmative assertions made in her purported affidavit about the alleged conduct of agents White, Douglas and Giordano.

5. No evidence was presented by the movant which tended in any way, either directly or by inference, to show that

any testimony presented on behalf of the United States at the Smith trial was false, and there is nothing to support the slightest suspicion that any such testimony was known by the office of the United States attorney to be false or incorrect. During the course of the hearing, Divine, counsel for movant, himself acknowledged to the Court that there was no evidence known to him which would tend to support this particular allegation of the sworn motion of Sidney Smith. Divine also testified that Aaron was unworthy of belief and that he knew this when he prepared Smith's motion to vacate.

In summary, the movant has utterly failed to present to the Court any evidence, to say nothing of the preponderance of the evidence, which would tend either to prove that there was perjured testimony given at the trial of the movant, Sidney Smith, by government witnesses or that any such perjury was, or might have been, known to any person in the office of the United States Attorney. Moreover, nothing presented in behalf of the movant raises the least doubt about the propriety of the conduct of the United States Attorney and of the agents of the Federal Bureau of Narcotics. Both the preparation and prosecution of the case were in strict accordance with the Constitution and the laws.

Conclusions of Law

I make the following conclusions of law with regard to this motion:

1. The language of Section 2255, Title 28, United States Code, makes it clear that jurisdiction to entertain the motion was properly in this Court, which was the trial court in which the movant was convicted and sentenced.

2. The motion was timely made, the statute plainly providing that a motion for the relief here requested may be made at any time.

■ 3. The allegations of the motion were sufficient to entitle the movant to a hearing thereupon, conducted with due process of law, because such allegations, if they had been proved to be true,

would have been sufficient to entitle the movant to relief. James v. United States, 5 Cir., 1949, 175 F.2d 769.

■ 4. As to all material allegations of the motion, the movant had the burden of proving the truth of the matters asserted by him by a preponderance of the evidence. Voltz v. United States, 5 Cir., 1952, 196 F.2d 298, certiorari denied 344 U.S. 859, 73 S.Ct. 99, 97 L.Ed. 667. This burden the movant has failed to sustain.

Accordingly, the motion is overruled and all relief therein prayed for will be denied.

Clerk will notify Sidney Smith, his attorney, C. C. Divine, and the United States Attorney.