Vernon **KAHLA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16315.

United States Court of Appeals Fifth Circuit.

April 12, 1957.

Rehearing Denied June 13, 1957.

Bernard A. Golding, Houston, Tex., for appellant.

Gordon J. Kroll, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Tried to a jury for, and convicted of, unlawful sale and possession of migratory game birds, defendant has appealed on a record devoid of objection or exception to any ruling of the trial court.

Realizing the heavy burden placed upon him, appellant, appearing here through different counsel from those he had below, invokes the well settled principle, that, though no motion for a directed verdict was made and no exception of any kind was taken and preserved below, where the records shows fundamental errors affecting the constitutional right of a trial by jury, they may, indeed must, be relieved against.

The fundamental errors thus claimed are: (1) that the court failed to fully and adequately instruct the jury on the law of the case; and (2) the government failed to prove by clear, convincing, and unequivocal evidence the essential ingredients of the offenses charged, and the evidence was insufficient to sustain the conviction.

Pointing, in support of his first ground, to the fact that the charge of the court did not set out in full or in substance the statute under which the informations were filed, nor did it instruct the jury as to the elements of the offenses therein charged, appellant urges upon us that, by stating to the jury that the only disputed issue in the case was whether the defendant had been entrapped into committing the offenses charged, the court denied the defendant a trial by jury and, invading its province, in effect instructed a verdict against him.

In support of his second ground, he insists that the record will be searched in vain for competent proof that the birds were migratory and that he committed the offenses charged.

On its part, the United States, in reply to the contentions that the evidence was insufficient to support the verdict and judgment of guilty, insists that not only is the government's evidence of the defendant's guilt overwhelming, but the defendant himself, taking the stand and admitting the possessions and sales as charged and found, based his defense solely and entirely upon the claim that he was entrapped by undercover agents of the government, and the jury on full and ample evidence found against him on this defense.

In reply to the claims that, by the failure of the court to charge all the elements of the offense with which defendant was charged, appellant was denied due process of law, appellee urges upon us that the cases on which appellant relies hold no more than that in criminal cases it is the duty of the court to instruct on essential questions or issues whether requested to do so or not.

So urging, it points to the record showing: that there was no objection made to the charge as given and no request made for additional instructions; that the defendant in his testimony and his counsel in his argument to the jury affirmed, that defendant did not deny possessing ducks and selling them to the undercover agent; and that his claim that he was not guilty was based not on the claim that he did not possess and sell ducks but that he was entrapped by the agent into doing so, and, therefore, he was not in law guilty of the offenses with which he was charged. Henderson v. United States, 5 Cir., 237 F.2d 169.

In reply to the claim that the government's proof failed to make out a case against defendant, appellee points to the testimony not only of the government's witnesses but to that of defendant and his wife, that he had possessed and sold ducks and that he did this under the malevolent and wrongful persuasion and inducement of the government itself, and to the verdict of the jury rejecting his defense as unfounded. So pointing, he urges upon us that the appeal on the grounds put forward is wholly unmeritorious, indeed frivolous, and that, no fundamental or substantial error appearing, the judgment should be affirmed.

■■ We agree with appellant that the principle he invokes is a sound and wholesome one which, when applicable, has been uniformly respected and applied in this court. We however agree with appellee that upon the undisputed facts of record it is wholly inapplicable here, where the evidence fully supports the verdict, and the court's charge to the jury followed, was in precise accordance with, and gave full effect to, the position deliberately taken by the defendant and his counsel below, and that such position so taken cannot be departed from here. Cf. Bowen v. United States, 5 Cir., 192 F.2d 515, at page 517; Voltz v. United States, 5 Cir., 196 F.2d 298 at page 299.

The judgment is, therefore, affirmed.