**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank BECTON, also known as "Buttons," Defendant-Appellant.**

**No. 14270.**

United States Court of Appeals Seventh Circuit.

Dec. 4, 1963.

John P. Callahan, Jr., Elgin, Ill., for appellant.

Frank E. McDonald, U. S. Atty., Charles H. Turner, Chicago, Ill., James P. O'Brien, U. S. Atty. (John Peter Lu-

linski, John Powers Crowley, Asst. U. S. Attys., of counsel), for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant appeals from his conviction before the court without a jury, under a four count indictment, counts 1 and 3 charging him with receiving, concealing and facilitating transportation of a narcotic drug,[1] and counts 2 and 4 charging him with selling a narcotic drug.[2]

The question is whether the district court erred as a matter of law in denying defendant's motion for acquittal on the grounds of entrapment.

We are required to take the evidence in the most favorable light for the government. United States v. Glasser, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ An informer aided a government agent in establishing relationship with defendant who thereafter engaged in two sales of heroin to the agent. On both occasions the defendant accepted money in advance. The first time he delivered the heroin to the agent and the second time, in fear of detection, had another, whom he refused at the trial to identify, make delivery. Defendant frequently called the informer to check upon the reliability of the agent, purchaser. And following the first sale defendant, in answer to the agent's inquiry about a further purchase, said his newsstand was open from "six in the morning until six at night * * long enough * * * to take care of anybody."

We think the evidence warranted the district court's denial of the motion for acquittal. The inferences were reasonably drawable that the government did not implant in the mind of the defendant, previously convicted narcotics violator, the disposition to make the sales; and that defendant was ready and willing to make the sales. The court was not re-quired to reject these inferences on the basis of defense testimony contrary to that of the government.

The facts in the case at bar clearly distinguish Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), where there was no evidence that the defendant had previously possessed or sold liquor and the evidence was that he was industrious and law-abiding. The Supreme Court held the district court erred in deciding there was no entrapment as a matter of law. In the case at bar the informer and agent merely afforded an opportunity for the violations. That is justified. Sorrells v. United States, 287 U.S. at 441, 53 S.Ct. at 212, 77 L.Ed. 413, Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

The facts in Sherman distinguish it also from the case at bar. The Court decided there was entrapment shown as a matter of law on the undisputed testimony of the informer through whom "the government plays on the weakness of an innocent party and beguiles him into committing crimes which he would not have attempted."

In the district court's view of the evidence the government sustained its burden of showing defendant's "predisposition or readiness" to commit the offense. Thus, the rule in Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1960), is inapposite. Nor does Henderson v. United States, 261 F.2d 909 (5th Cir. 1958), aid defendant. There the facts, different from those at bar, justified the court of appeals' holding entrapment as a matter of law. The same is true of Morales v. United States, 260 F.2d 939 (6th Cir. 1958), where the clear evidence of entrapment was uncontradicted.

Defendant argues that he was a mere messenger or purchasing agent for the government. But we think the district court was not required to make that inference.

1. In violation of 21 U.S.C. § 174 (1961).

2. In violation of 26 U.S.C. (I.R.C. 1954) § 4705(a) (1955).

Finally, we think the trial court was not in error in finding defendant guilty on counts 3 and 4, relating to the second sale, after hearing testimony of defendant's post-arrest statements. The government was not required to produce more than the testimony of the agent to whom the statements were made, since that testimony was enough to furnish a basis upon which the court could decide defendant's guilt beyond a reasonable doubt.

We appointed Attorney John P. Callahan, Jr., Esq., a member of the bar of Illinois, to represent appellant. Mr. Callahan's service was in the highest tradition of the American Bar. We thank him for his services, and compliment him on the excellent manner in which he prepared his brief and presented the oral arguments.

Judgment affirmed.