UNITED STATES of America, Plaintiff-Appellee,

v.

Carlos M. AULET, Defendant-Appellant.

No. 14702.

United States Court of Appeals Seventh Circuit.

Dec. 23, 1964.

Rehearing Denied Jan. 22, 1965.

M. A. Segarra, Howard T. Savage, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Defendant Carlos M. Aulet was charged in an indictment with having fraudulently and knowingly received, concealed and facilitated the transportation and concealment of approximately 5.450 grams of heroin, a narcotic drug, which had previously been imported into the United States, contrary to law, knowing the same to have been so unlawfully imported, in violation of 21 U.S.C.A. § 174.

He was tried before a jury and by its verdict was found guilty. He was subsequently sentenced following a judgment entered upon the jury verdict. Defendant's motions for acquittal and for a new trial were denied. He appeals from the judgment of conviction.

At the trial, defendant testified in his own behalf and raised the defense of entrapment.

Defendant asserts as grounds for reversal that under the evidence the defense of entrapment was established as a matter of law; that the jury's verdict was against the manifest weight of the evidence; that the court's instruction on entrapment was an erroneous statement of the law of entrapment and deprived him of a fair and impartial trial; and that the admission of evidence of his former conviction in 1954 of a charge of conspiracy to overthrow the government of the United States by force and violence was so highly prejudicial that it resulted in a denial of his right to a fair and impartial trial.

At the outset, we are compelled to conclude that defendant's contentions are not well taken and the judgment of conviction must be affirmed.

The evidence on the defense of entrapment was conflicting and subject to a determination of credibility by the jury. We need not set out the testimony. Defendant's version of the alleged entrapment in certain characteristics was implausible and rebutted. He was impeached by a felony conviction and prior inconsistent statements. He was shown to have had prior dealings in narcotics

within the six months period prior to the transaction charged.

■ The jury was free to disbelieve defendant's testimony on which he relied to establish the defense of entrapment as a matter of law. It was entitled to credit the testimony of the Government's witnesses. The issue, being one of credibility, was properly submitted to the jury. Under the evidence in the record in this case, we hold there is substantial and overwhelming support for the verdict of guilty. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Becton, 7 Cir., 324 F.2d 943 (1963).

We have carefully examined the instruction on the defense of entrapment given by the court. *This challenged instruction was proffered by defendant and given at his request and was not objected to by him.* Defendant now complains that this instruction deprived him of a fair trial and that the giving of it was "plain error" although not brought to the attention of the trial court.

Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A. provides " * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * "

Defendant seeks to avoid the invocation of Rule 30 by relying on Rule 52(b), Federal Rules of Criminal Procedure, wherein it is provided that " * * * Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

However, no case has been brought to our attention holding that the rule of "plain error" may be applied to alleged errors invited by defendant and in particular to the giving of instructions at defendant's request. Precedent appears to support the opposite view. United States v. Donovan, 2 Cir., 242 F.2d 61, 63 (1957); Kahla v. United States, 5 Cir., 243 F.2d 128, 130 (1957), cert. denied, 355 U.S. 832, 78 S.Ct. 47, 2 L.Ed.2d 44; Bianchi v. United States, 8 Cir., 219 F.2d 182, 194 (1955), cert. denied, 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249; Hudson v. United States, 4 Cir., 180 F.2d 630 (1950), cert. denied, 339 U.S. 981, 70 S.Ct. 1029, 94 L.Ed. 1385.

Further, it should be noted as the Government points out in its brief, that the instruction in question was taken verbatim from the model Jury Instructions and Forms for Federal Criminal Cases, Mathes, 27 F.R.D. 39, 84–85, Instruction 4.12 (1960). It is essentially similar to that adopted by the Seventh Circuit Judicial Conference Committee on Jury Instructions under the direction of Honorable Walter J. La Buy and published under the title of "Manual on Jury Instructions in Federal Criminal Cases," 33 F.R.D. 523, 557, Instruction 5.02 (1963).

■ The essential elements of the challenged instruction relating to the defense of entrapment are in accord with Sherman v. United States, supra, and Sorrells v. United States, supra, and although it might have been worded differently, we find no misstatement of the law.

■ Under the circumstances here present, we find that defendant cannot be heard to challenge the instruction, or in the alternative, that there is no showing of plain error in the giving of the instruction.

Defendant's comment that the trial court derided the defense of entrapment in a prefatory remark is without merit.

■ Defendant finally contends that "the presentation to the jury of evidence of defendant's prior conviction of conspiracy to overthrow the United States Government" by force, in 1954, "was unnecessary, and of itself so prejudicial to defendant that it very probably in-

fluenced the jury's verdict against defendant on the merits of the case at bar."

*This evidence was brought out by defendant himself on direct examination.* We find no error on the part of the court or misconduct by Government counsel in defendant's decision to tell the jury about his prior criminal record.

Further, the Government's cross-examination of defendant on his voluntary admission was not only proper but unobjected to by defendant.

Finding no prejudicial error, the judgment of conviction appealed from is affirmed.

Affirmed.