Carlos M. AULET, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16737.

United States Court of Appeals, Seventh Circuit.

April 29, 1970.

Paul F. Conarty, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Lawrence J. Cohen, Asst. U. S. Attys., of counsel, for appellee.

Before KNOCH, Senior Circuit Judge, CUMMINGS, Circuit Judge, and STECKLER, District Judge.*

KNOCH, Senior Circuit Judge.

Petitioner-appellant, Carlos M. Aulet, appeals from denial (by the same Judge who presided at his trial) of his petition, filed pursuant to Title 28 U.S.C. § 2255, to vacate and set aside a sentence of five years imposed after conviction in a jury trial on a one-count indictment charging violation of the narcotic laws, Title 21 U.S.C. § 174. The conviction was affirmed on appeal, United States v. Aulet, 7 Cir., 1964, 339 F.2d 934, cert. den. 380 U.S. 974, 85 S.Ct. 1335, 14 L. Ed.2d 269.

Petitioner contends that the Trial Judge erred in denying motion for judgment of acquittal on the ground of entrapment. That issue was raised on his direct appeal. Judge Hastings, then Chief Judge, speaking for this Court said (p. 935) that the evidence on the defense of entrapment was conflicting and subject to determination of credibil-

* Judge Steckler is sitting by designation from the United States District Court for the Southern District of Indiana.

ity by the jury, that defendant's version in certain aspects was implausible and rebutted. A prior felony conviction and prior inconsistent statements were shown in addition to dealings in narcotics within six months prior to the transactions charged. The Court of Appeals found no error in the instructions or conduct of the prosecution either in connection with defendant's decision to disclose his prior criminal record or in cross-examination of defendant on his voluntary admission.

■ The government here argues persuasively that the law of the case is controlling, that the issue of entrapment may not be raised again and not in a collateral attack. United States v. Meredith, 7 Cir., 1949, 172 F.2d 745, 746; United States v. Bailey, 7 Cir., 1964, 331 F.2d 218, 220; Evans v. United States, 7 Cir., 1969, 408 F.2d 369, 370. We have, nevertheless, reviewed the pertinent testimony in the light of petitioner's arguments, but we come to the same conclusion as that reached on the direct appeal. Conflicting testimony was elicited from the various witnesses presenting issues of fact for the jury.

Petitioner also contends that he was denied due process of law by the government's failure to produce the informant at the trial. He concedes that the government need not produce every witness available to it, but argues that it must make available to the defense all evidence which would aid in the preparation of its case.

Government agents testified at the trial that the informant had been seen as recently as six weeks before the trial, but that subsequent efforts to locate him were unsuccessful. It is petitioner's view now, apparently, that the informant could have supported the petitioner's version of the transactions between them whereby petitioner was induced to secure the narcotics later found in his possession. Possibly petitioner hopes that the informant would have testified that he did pretend physical illness and show a desperate need for drugs, as petitioner testified, in a conversation in the sight but not the hearing of government agents who, separated from petitioner and the informant by the plate glass window of a tavern in which they were sitting, testified that the informant exhibited no signs of physical distress contrary to petitioner's description.

Petitioner contends that the government, foreseeing the importance of this witness to the defense, should have kept him available by subpoena if necessary.

■ Petitioner did not raise this point at the trial or on his direct appeal. This would ordinarily constitute a waiver of the point. Section 2255 is not a substitute for appeal. Campbell v. United States, 7 Cir., 1966, 355 F.2d 394, 395, cert. den. 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145.

The informant was well known to the petitioner with whom he had been friends for fifteen years. At the trial the defense argued to the jury that adverse inferences might be drawn from the absence of the informant. Counsel noted that the government might say that the defense had the power of subpoena too and could secure the witness. Counsel then asked whether an individual who had done this to a friend of many years would be likely to come and be a witness for the defense.

■ It is not at all clear whether or not the informant was in fact unavailable. It does not appear that the defense made any effort to secure his presence as a witness. Under the circumstances of this case, the government was under no obligation to produce the informant at the trial. United States v. Draper, 7 Cir., 1969, 411 F.2d 1106, 1109, cert. den., 1970, 397 U.S. 906, 90 S.Ct. 898, 25 L.Ed.2d 87, and cases there cited.

We have considered with care all other points and authorities to which the petitioner has drawn our attention. We are satisfied, however, that the ruling of the District Judge must be affirmed.

The Court is grateful for the services of Mr. Paul F. Conarty of the Illinois

bar who represented the petitioner with skill and dedication as Court appointed counsel.

Affirmed.