## DAVIS v. UNITED STATES.
### No. 14434.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

Walter Adams Davis, in pro. per.

Lester L. May, Asst. U. S. Atty., Dallas, Tex., Frank B. Potter, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

Appellant was convicted on his plea of not guilty, in Criminal No. 12966 in the United States District Court for the Northern District of Texas, of having unlawfully transferred marihuana in violation of Marihuana Tax Act of 1937, section 2591 (a), Title 26 U.S.C., and, on February 21, 1952, sentenced to serve six years.

He did not appeal from that judgment, but in July, 1952, filed in that cause a motion, under section 2255, Title 28 U.S.C. to vacate the judgment. In it, in addition to general claims that the indictment and conviction were invalid, claims unsupported by any specific reason having any kind of validity, appellant put forward as his chief reliance the claim that his conviction was the result of entrapment.

The district judge, finding that there was no sufficient legal basis for the motion, denied it, and this appeal resulted.

Here, while urging upon us, as he urged below, that he was entrapped and, as he did there, his general claims that his conviction violated due process, he urges nothing which presents any valid reason for granting the motion.

In addition to the fact that he cannot use a section 2255 motion to retry his case, the record shows that he was represented below by counsel and that the defense of entrapment, which he now seeks to present, was fully presented and fairly charged on the trial.

The other matters which, by a kind of general complaint against his lot, he seeks to urge as reasons for setting the judgment aside, are in general not sufficiently specific and definite, and to the extent that they are, they present no valid reasons for granting his motion. Neither does a search of the record present any.

The judgment denying the motion is affirmed.