**Richard STANLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14870.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1956.

Rehearing Denied Jan. 24, 1957.

Richard Stanley in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

Stanley was convicted in the court below upon indictments charging several offenses committed through unlawful sale of narcotics. Sentences were imposed, some of them to run concurrently, and some consecutively, for a total term of imprisonment of ten years. The judgments of conviction were not appealed, but subsequently Stanley filed a motion to set aside and vacate the judgment and sentence pursuant to the provisions of Title 28 U.S.C.A. § 2255. His motion was denied. No appeal was taken and he proceeded to file a second motion, which also was denied. From the order denying that motion, Stanley has appealed to this court.

The motion sets forth no grounds for relief under § 2255. It does set forth at great length what Stanley asserts were the facts relating to the charges made against him which in general amount to a claim that the evidence was insufficient to warrant his conviction.

■ Appellant, in an amendment to his motion, alleged that the federal officers who procured his arrest were guilty of entrapment but the facts set forth in the motion itself disclose that no circumstances amounting to entrapment occurred. In any event, such a defense is not available to appellant in a proceeding of this character.

■ The motion contains one allegation which is an attempt to assert denial of due process of law. This recites:

"The defendant contends of being denied due process of law. Due to the fact that the defendant was not adequately and effectively assisted by counsel. The defendant's counsel steadfastly refused to object to the false testimony given by witnesses for the government and that counsel did not adequately con-

test the government to prove their charges conclusively."

The appellant's brief, filed here, discloses that he was represented by counsel of his own choice and whom he had employed. The allegations set forth fall far short of alleging such incompetence or inefficiency as would bring home his lack of adequate representation to the trial court. There is no claim that it was such as to make the trial a farce or a mockery of justice. Cf. Taylor v. United States, 9 Cir., 238 F.2d 409, and cases there cited.

The order of the trial court was right and is affirmed.