**Chester BANKS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15559.**

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1957.

Nathan Smith, San Francisco, Cal., Chester Banks, Alcatraz, Cal., in pro. per., for appellant.

Charles P. Moriarty, U. S. Atty., Murray B. Guterson, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Banks, not a lawyer, appeals propria persona from a denial of his motion in a 28 U.S.C. § 2255 proceeding without a hearing and the denial of his motion for the transcript of the reporter's notes of the trial in which he was originally convicted. The court held the motions stated no cause of action.

Banks' motion alleges his facts in the formal motion itself and in two affidavits all filed the same day. One concerns Banks' entrapment by federal officers to purchase heroin with their money furnished him by them.

If these allegations be true they constitute an abuse of the court's criminal processes to procure a conviction of a man, who for at least five years had not been concerned with the illicit drug trade, who had no idea of purchasing any drug until urged by a federal government agent who supplied Banks with $70.00 to purchase it to relieve the suffering of a friend of the agent in all of which the agent used a group of persons working in common with the government to persuade Banks to engage in buying the drug with the $70.00 at no profit to Banks.

Nowhere are these facts contradicted and we are required to accept them as true.

As the Supreme Court has stated of the defense against such use of the court's process by entrapment to procure a conviction: "The defense is available, *not in the view that the accused though guilty may go free,* but that the government *cannot be permitted to contend* that he is guilty of a crime where the government officials are the instigators of his conduct." [Emphasis added.] Sorrells v. United States, 1932, 287 U.S. 435, at page 452, 53 S.Ct. 210, at page 216, 77 L.Ed. 413. Cf. 287 U.S. at page 457, 53

S.Ct. at page 218 of the succeeding opinion by Justice Roberts concurred in by Brandeis and Stone, stating that:

"The violation of the principles of justice by the entrapment of the unwary into crime should be dealt with by the court no matter by whom or at what stage of the proceedings the facts are brought to its attention. Quite properly it may discharge the prisoner upon a writ of *habeas corpus*. Equally well may it quash the indictment or entertain and try a plea in bar. But its powers do not end there. Proof of entrapment, at any stage of the case, requires the court to stop the prosecution, direct that the indictment be quashed, and the defendant set at liberty."

■ A conviction so procured is in violation of the due process provision of the Fifth Amendment and hence the contentions of the server of the sentence are within the court's jurisdiction in a Section 2255 proceeding.

■ Further, if Banks' allegations be true he had a separate ground for invoking Section 2255. Banks also alleges that his attorney advised him that he had a perfect defense of entrapment and hence safely could admit to the jury that he had engaged in the purchase of the heroin because he would procure an instruction from the court on the defense of entrapment that would free him and then he alleges that the attorney neglected to make any motion for such an instruction. He further alleges that not only was no instruction on entrapment requested by Banks' counsel but none was given by the court and thus the jury had before it an admission of all the facts of the indictment by the defendant and no choice but to find the defendant guilty.

It is apparent that Banks' allegations of fact if true state a controversy under Section 2255 which requires a hearing and in which the transcript of the testimony at the trial leading to his conviction was properly sought by him under the principles of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 and erroneously refused him.

The denial of the motion is reversed and the case remanded with direction to the district court to consider no more than the portions of the reporter's transcript relevant to the argument of the appellant's counsel and the instructions of the judge and decide the case thereon.