Chester BANKS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15559.

United States Court of Appeals
Ninth Circuit.

June 24, 1958.

Rehearing Denied Aug. 1, 1958.

Certiorari Denied Nov. 10, 1958.
See 79 S.Ct. 128.

Nathan Smith, San Francisco, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

PER CURIAM.

Upon remand, the lower court entered an order again denying appellant's motion (under Section 2255 of Title 28 U.S. C.A.) to vacate the judgment and sentence (in his 1954 conviction) after reconsideration as directed in the opinion of this Court in Banks v. United States of America, 249 F.2d 672. Appellant's

appeal from this order presents four contentions. (1) He was denied due process of law because the court's instruction on entrapment was insufficient in law and fact, (2) he was denied a fair trial because the judge failed to instruct the jury that if it found that Banks had acted as a "purchasing agent," he could not be convicted under the indictment as a "seller," (3) the court erred when it failed to pass on the merits of appellant's allegation that he had been entrapped, and (4) the court erred when it denied appellant's motion for the reporter's transcript in *forma pauperis*.

 Appellant's counsel agrees that no appeal was taken from the 1954 judgment and sentence here involved, and that appellant took no exceptions to the above mentioned instructions given the jury. None of the first three contentions above noted involves a violation of the constitutional rights of appellant. They present issues that could have been and should have been raised by a timely appeal from the sentence if appellant desired to raise them. Section 2255, supra, does not give him the right to try over again a case in which he was adjudged guilty. See Hastings v. United States of America, 9 Cir., 184 F.2d 939. Under the circumstances of this case, the lower court properly denied appellant's motion for a reporter's transcript.

The order here appealed from is affirmed.