**Theodore WAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6305.**

United States Court of Appeals
Tenth Circuit.

March 30, 1960.

Donald W. Madole, Denver, Colo., for appellant.

Charles M. Stoddard, Denver, Colo., Asst. U. S. Atty., District of Colorado (Donald G. Brotzman, U. S. Atty., Boulder, Colo., District of Colorado, on the brief), for appellee.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

PER CURIAM.

Way was convicted of stealing money in violation of 18 U.S.C. § 2113(b) from a bank insured by the Federal Deposit Insurance Corporation and was sentenced to a term of three years. Upon appeal to this court his conviction was

affirmed. Way v. United States, 10 Cir., 268 F.2d 785. Thereafter he applied under 28 U.S.C. § 2255 for a vacation of sentence. This appeal is from the denial of that application.

■ Way first asserts that evidence secured by an unlawful search was improperly admitted at his trial. The trial court expressly found that the search was lawful and the evidence properly admitted. Be that as it may, the reception of such evidence was not objected to at the trial and no point thereof was made in the subsequent appeal. This objection may not be raised for the first time in a proceeding under Section 2255.[1]

■■ The next contention is that the conviction was secured upon evidence establishing entrapment which entitled Way to an acquittal. This defense was not raised in either the trial court or in the appeal. A motion under Section 2255 to vacate a sentence is a collateral proceeding in which errors in procedure on the initial trial of the case are not open for review.[2] Here the defense of entrapment is raised for the first time in this Section 2255 proceeding and, hence, comes too late.[3]

■ The last point is that Way did not have effective representation of counsel because such counsel in the trial court did not raise the aforementioned issues.[4] The issue of ineffective counsel was not raised by the motion to vacate and was not considered by the trial court. It cannot now be raised for the first time on appeal.[5] The court notes that the retained trial counsel was a lawyer experienced in criminal trials. He may have had adequate reason for failing to

raise these points.[6] In any event if appropriate motions had been made, the propriety of the denial could not be questioned in a Section 2255 proceeding.[7]

Affirmed.

the trial and appointed counsel in the appeal.

---

1. Barber v. United States, 10 Cir., 197 F. 2d 815, certiorari denied 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665, and cases cited in footnote 1.

2. Horne v. United States, 5 Cir., 264 F. 2d 40, certiorari denied 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549.

3. Stanley v. United States, 9 Cir., 239 F. 2d 765.

4. It appears from the briefs that Way was represented by retained counsel at

5. Plummer v. United States, 104 U.S.App. D.C. 211, 260 F.2d 729.

6. See Barber v. United States, 10 Cir., 227 F.2d 431.

7. White v. United States, 98 U.S.App.D.C. 274, 235 F.2d 221.