**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Willie BAILEY, Defendant-Appellant.**

**No. 14241.**

United States Court of Appeals
Seventh Circuit.
April 29, 1964.

---

Donald W. Garlinger, Chicago, Ill., Willie Bailey, in pro per., for appellant.

Edward V. Hanrahan, U. S. Atty., Raymond F. Zvetina and Frank E. McDonald, Asst. U. S. Attys., Chicago, Ill. (John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel), for appellee.

Before DUFFY, SWYGERT and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

On May 3, 1962, defendant[1] was tried before District Judge Igoe sitting without a jury and was found guilty on eleven counts charging unlawful possession and sale of narcotics. Defendant was sentenced to ten years on each count, but the sentence on each count was to be served concurrently. There was no appeal from the judgment of conviction.

On December 10, 1962, defendant filed a motion under 28 U.S.C. § 2255 to vacate the judgment of conviction. He sought to raise the question of entrapment. On the same day, Judge Igoe denied the motion to vacate, without a hearing and in the absence of the defendant.

Defendant has filed a notice of appeal to this Court having been granted leave by the District Court to proceed in forma pauperis.

Petitioner argues that under the provisions of Section 2255, a hearing was required in this case. Petitioner says that where facts alleged in a motion to vacate a judgment are peculiarly within the knowledge of the movant, a hearing in the presence of the defendant must be held. He also asserts that he can present the defense of entrapment under Section 2255 as a matter of constitutional right. Although a number of authorities are cited, it is apparent the principal reliance of petitioner is placed in Banks v. United States, 9 Cir., 249 F.2d 672 (1957).

In Banks, a motion under Section 2255 was made in the trial court and denied without a hearing. The defense raised by the motion was that of entrapment. At the trial, no instruction on entrapment was requested or given. The Court quoted from the concurring opinion of Justice Roberts in Sorrells v. United States, 287 U.S. 435, at 457, 53 S.Ct. 210, 77 L.Ed. 413. The Court further said at page 674, 249 F.2d: "A conviction so procured [by means of entrapment] is in violation of the due process provision of the Fifth Amendment and hence the contentions of the server of the sentence are within the court's jurisdiction in a Section 2255 proceeding."

The Court, in Banks, made no reference to the earlier decision of that Court in Stanley v. United States, 9 Cir., 239 F.2d 765 (1956). In Stanley, the Court had said, 239 F.2d at 765, that the defense of entrapment was not available in a Section 2255 proceeding.

After the remand in the Banks case, the District Court again denied Banks' motion under Section 2255. An appeal was taken from such denial. Four contentions were made in the appellate court.

---

[1]. This case arising under 28 U.S.C. § 2255 should have been entitled Willie Bailey, Petitioner v. United States of America, Respondent. However, conforming to the designations used in the briefs, we shall refer to Willie Bailey as the defendant.

No. 3 was "The court erred when it failed to pass on the merits of appellant's allegation that he had been entrapped." The Court of Appeals said, 258 F.2d 318 at page 319, (1958): "None of the first three contentions above noted involves a violation of the constitutional rights of appellant. They present issues that could have been and should have been raised by a timely appeal from the sentence if appellant desired to raise them."

If there were any vitality left in the first Banks case after the second Banks decision was handed down, we think it was dissipated in Black v. United States, 9 Cir., 269 F.2d 38 (1959). The Court of Appeals there stated, 269 F.2d at pages 41–42: "A sentence is not ordinarily subject to collateral attack in a section 2255 proceeding for errors of law which could have been corrected by an appeal. Measured by this rule, the following reasons for vacating the sentence, urged here and in the district court, are not appropriate for section 2255 relief * * * (2) entrapment * * *."

In Simmons v. United States, 3 Cir., 302 F.2d 71, there had been a motion under Section 2255 and the claim was made before the Court of Appeals for the Third Circuit that the issue of entrapment had not been fully presented nor fairly charged at the trial. The appellant placed reliance on the first Banks case. The Third Circuit Court of Appeals refused to regard the first Banks case as authority, and the order of the district court denying the motion under Section 2255 was affirmed.

United States of America ex rel. Walter Hall v. People of the State of Illinois, 7 Cir., 329 F.2d 354 was recently decided by this Court. Although that decision is not controlling as to the issues before us, it is persuasive. In that case, a petition for a writ of habeas corpus had been denied in the United States District Court without a hearing. The petitioner had been found guilty of unlawful sale and possession of narcotic drugs in violation of Illinois law. In the state court trial, petitioner unsuccessfully asserted entrapment as a defense. He appealed to the Supreme Court of Illinois, again asserting the defense of entrapment. The Supreme Court affirmed. On the appeal to this Court, petitioner contended that freedom from entrapment is a right protected under the due process clause of the federal Constitution and therefore could be properly raised in a federal habeas corpus petition.

We recognized the Hall case was one of first impression on the constitutional question raised therein. We held the petitioner had no constitutional right through federal habeas corpus to invoke the jurisdiction of the United States district court to review the determination by the state courts of Illinois of his defense of entrapment.

█ Except for the first Banks case, no authority has been cited to us which sustains the petitioner's position in this case. On the contrary, the courts have been practically unanimous in holding the defense of entrapment cannot be used by collateral attack under 28 U.S.C. § 2255. Some of these decisions are: Stanley v. United States, 9 Cir., 239 F.2d 765; Turner v. United States, 8 Cir., 262 F.2d 643, 645; Way v. United States, 10 Cir., 276 F.2d 912, 913; Davis v. United States, 5 Cir., 205 F.2d 516; United States v. Buford, D.C.E.D.Wis., 165 F. Supp. 740, 741.

Petitioner seeks to draw a line of demarcation between a case where the defense of entrapment was raised at the trial level and the case at bar where counsel says he believes, but is not certain, that the defense was not raised in the trial court.

█ Of course, the defense of entrapment could have been raised. There is here no claim of inadequacy of counsel. Section 2255 should not be used as a substitute for a direct appeal. McCartney v. United States, 7 Cir., 311 F. 2d 475, 476.

█ We hold that under the circumstances of this case, the defense of entrapment was not available under 28 U.S.C. § 2255, and a hearing before the District Court was not required.

We wish to express our thanks to Donald W. Garlinger, Esq., of the Chicago Bar, for the excellent services he has rendered on this appeal as court-appointed counsel.

The order of the District Court denying the motion to vacate and set aside petitioner's judgment of conviction is

Affirmed.