**Mathew L. EVANS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 17034.

United States Court of Appeals
Seventh Circuit.

March 17, 1969.

Mathew L. Evans, pro se.

Lionel Brazen, Manuel Rosenstein, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Cohen, Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, FAIRCHILD and CUMMINGS, Circuit Judges.

CASTLE, Chief Judge.

Petitioner appeals from the district court's denial of his pro se motion to vacate his sentence, which was imposed for violation of the narcotics laws, and for an evidentiary hearing, under 28 U.S.C. § 2255. In his petition before the district court, petitioner alleged two grounds. The first was the Government's knowing use of perjured testimony at petitioner's trial. The second was entrapment.

Regarding the first ground, petitioner stated that on the evening of February 14, 1966, one of the witnesses who had testified at the trial that day, Agent Meyers, was asked by petitioner, in the presence of the United States attorney, the defense attorney, and two friends of petitioner, why he lied on the witness stand. Petitioner then alleges: "His answer to this question was, 'that the whole case was a lie.' And this statement petitioner can prove by indisputable testimony, with an evidentiary hearing."

Regarding the entrapment charge, petitioner merely stated that entrapment as a matter of law could be shown from the transcript.

On appeal, petitioner raises the additional issue that counsel should have been appointed to assist petitioner in his preparation of the petition. We shall discuss these issues in the order raised.

## PERJURY

■ The out-of-court statement of the witness which petitioner relies upon as proof of knowing use of perjured testimony by the Government was allegedly made after that witness testified at trial, but before the end of the trial the next day. Even if the fact that this statement was made was proven at an evidentiary hearing, it would not be grounds for vacating petitioner's sentence.

We agree that in some cases the allegation of the use of perjured testimony would entitle a petitioner to an evidentiary hearing. See Smith v. United States, 259 F.2d 125 (9th Cir. 1958); United States v. Derosier, 229 F.2d 599 (3rd Cir. 1956). However, the fact that the alleged statement was known to petitioner and his counsel during the trial compelled petitioner to raise this issue then or not at all. When a criminal defendant, during his trial, has reason to believe that perjured testimony was employed by the prosecution, he must impeach the testimony at the trial, and "cannot have it both ways. He cannot withhold the evidence, gambling on an acquittal without it, and then later, after the gamble fails, present such withheld evidence in a subsequent proceeding under 28 U.S.C. § 2255." Green v. United States, 256 F.2d 483, 484 (1st Cir. 1958). See also Decker v. United States, 378 F.2d 245, 251 (6th Cir. 1967), and cases cited therein.

The petition in the instant case is not, contrary to counsel's assertion, inartistically or unclearly drawn. It is quite clear from the face of the petition and from the record what is being asserted. Since petitioner's contention on this point, even if the fact that the statement was made is assumed, is legally insufficient to entitle petitioner to relief, an evidentiary hearing would have served no purpose.

1. Reported at 258 F.2d 318, 319 (9th Cir. 1958).

## ENTRAPMENT

■ Petitioner cites Banks v. United States, 249 F.2d 672 (9th Cir. 1957) for the proposition that the defense of entrapment may be raised in a collateral attack under 28 U.S.C. § 2255. However, in United States v. Bailey, 331 F.2d 218, 220 (7th Cir. 1964), this Court pointed out that the Ninth Circuit, in a subsequent appeal by Banks [1] after remand to the district court, and again in Black v. United States, 269 F.2d 38 (9th Cir. 1959), withdrew from the position taken by the earlier *Banks* case. As Judge Duffy pointed out in *Bailey*, 331 F.2d at 220:

"Except for the first *Banks* case, no authority has been cited to us which sustains the petitioner's position in this case. On the contrary, the courts have been practically unanimous in holding the defense of entrapment cannot be used by collateral attack under 28 U.S.C. § 2255. Some of these decisions are: Stanley v. United States, 9 Cir., 239 F.2d 765; Turner v. United States, 8 Cir., 262 F.2d 643, 645; Way v. United States, 10 Cir., 276 F.2d 912, 913; Davis v. United States, 5 Cir., 205 F.2d 516; United States v. Buford, D.C.E.D.Wis., 165 F.Supp. 940, 941."

## APPOINTMENT OF COUNSEL

Petitioner contends that, although he did not request counsel below, counsel should have been appointed to assist him in preparing his petition before the district court. In La Clair v. United States, 374 F.2d 486, 489 (7th Cir. 1967), this Court stated that, although appointment of counsel in a § 2255 proceeding may be required in certain cases,[2] "appointment of counsel for indigents in habeas corpus and Section 2255 proceedings rests in the sound discretion of the district courts unless denial would result in fundamental unfairness impinging on due process rights." See also Mitchell v. United

2. See, e. g., Campbell v. United States, 318 F.2d 874 (7th Cir. 1963); Milani v. United States, 319 F.2d 441 (7th Cir. 1963).

States, 359 F.2d 833, 835 (7th Cir. 1966).[3]

Under the facts of the instant case, where the two grounds alleged in the petition show conclusively that petitioner is entitled to no relief, we find no abuse of the district court's discretion in failing to appoint counsel, *sua sponte*, to represent petitioner in the proceedings before it.

For the foregoing reasons, the judgment below is affirmed.

The Court expresses its appreciation to Attorneys Lionel I. Brazen and Manuel Rosenstein, members of the Chicago, Illinois bar, for their excellent service on appeal as court-appointed counsel for petitioner.

Affirmed.

3. In Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Supreme Court noted the practice of most federal courts to appoint counsel in post-conviction proceedings only after the court determines "that issues are presented calling for an evidentiary hearing."