STATE OF NEBRASKA, APPELLEE, V. LARRY LEDENT, APPELLANT.

176 N. W. 2d 21

Filed March 27, 1970. No. 37310.

Paul E. Watts, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Larry LeDent was convicted of unlawful possession on November 4, 1968, of narcotic marijuana. On appeal he asserts (1) right to discharge because of entrapment and estoppel of the State to prosecute, and (2) insufficiency of a search warrant affidavit of a tip from an informer.

Larry was arrested in Omaha for a state drug violation in August 1968. At his request, he soon met Lieutenant Joseph Friend, Omaha police officer in charge of the vice detail, to whom he offered to inform. Friend promised to drop charges upon cooperation by Larry, and he inquired whether Larry needed money to buy marijuana. No money was supplied, but some information was received in the following 2 weeks.

At a meeting with Larry and counsel in September 1968, Eugene Leahy, deputy county attorney, promised to drop the charges in exchange for information. Larry understood, according to his testimony, that he was to "buy, sell and carry on like I had done before." Leahy then knew that Larry was a pusher in possession of narcotics. He testified to having instructed Larry: "To

carry on as he had . . . to give us information . . . when a . . . transaction would take place . . . that this would be received by me, by you (Larry's counsel), by the police . . . but there was never any indication . . . that he was ever to deal in it . . . or to do anything without our knowing about it."

Larry's version of events is as follows. Prior to August 1968, he was a pusher. On November 1, Louis Schiern delivered 47 lids and one kilo of marijuana which, in Schiern's presence, Larry hid. The hiding place was a crawl area underneath the living room of the residence occupied by Larry and his parents at 13450 Frederick Street, Omaha. After Schiern's departure, Larry threw away the kilo or brick which was valueless. He took no step, direct or indirect, to notify authorities, his inaction resulting from Schiern's arrest on November 2: "That was the night I was supposed to pick up a large quantity (from Schiern) . . . where they arrested all of those kids . . . ."

Schiern's version is as follows. On October 20, 1968, Larry proposed delivering marijuana to Schiern for chemical treatment, disclosing marijuana hidden in the crawl area. He described 80 lids and a kilo. Schiern took delivery but he retained possession only 3 days to a week when he returned the marijuana. His arrest on November 2 fanned his suspicions that he was dealing with an informer. On November 4, he contacted a stranger, Carl Grossoehme of the Nebraska State Patrol, Drug Control Division, to inform upon Larry.

On November 4, 1968, Grossoehme obtained a search warrant on his affidavit of an informer's tip. In executing the warrant, he found 47 lids of narcotic marijuana in the crawl area. The State at trial time named Schiern as the informer.

Grossoehme's affidavit reads in part: ". . . that a reliable informant related to investigative authorities that . . . Larry . . . offered . . . informant certain narcotic drugs for resale; that on Friday, November 1, 1968 . . .

Larry . . . told the . . . informant that he had fifty . . . lids of marijuana . . . and also a homemade brick of grass available for resale, and that he knows that . . . informant knows that the narcotics are kept at . . . 13450 Frederick Street . . . . The reliable informant has given your affiant other information that coincides with information received from other reliable sources. Said . . . informant's information has been verified and that information received has been the truth . . . . Larry . . . is now charged . . . with possession of depressant or stimulant drugs in a separate incident."

Our law of entrapment and estoppel is not crystallized. An advisory opinion stated that entrapment under the evidence was no defense to charges of prostitution. See State v. Ransburg, 181 Neb. 352, 148 N. W. 2d 324 (1967). We have said that estoppel is no defense to a criminal action. See State ex rel. Meyer v. Knutson, 178 Neb. 375, 133 N. W. 2d 577 (1965). Universality of the latter principle is not free from doubt. See, Cox v. Louisiana, 379 U. S. 559, 85 S. Ct. 466, 13 L. Ed. 2d 487 (1965); Comment, 78 Yale L. J. 1046 (1969); Note, 81 Harv. L. Rev. 895 (1968).

Section 28-462, R. R. S. 1943, which incorporates section 12, Uniform Narcotic Drug Act, reads: "The provisions . . . restricting the possession . . . of narcotic drugs shall not apply . . . to temporary incidental possession . . . by persons whose possession is for the purpose of aiding public officers in performing their official duties."

It is not necessary for us in this case to attempt an exposition of entrapment, estoppel, or section 28-462, R. R. S. 1943. A trier of fact might reasonably find from the evidence that (1) no law enforcement official encouraged Larry to possess the 47 lids of marijuana on November 4, 1968, and (2) the possession was not for the purpose of aiding public officers in performing their official duties.

In passing on validity of a search warrant the court

may consider only information brought to the attention of the magistrate. For the affidavit of a tip from an informant to be sufficient the magistrate must be informed of (1) some of the underlying circumstances from which the informant concluded that the narcotics were located where he claimed they were, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible. Affidavits for search warrants must be tested in a common sense, realistic fashion. See, Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); United States v. Ventresca, 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965); Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964).

Grossoehme's affidavit complied with constitutional requirements marginally. Other contentions, including excessiveness of the sentence of 4 to 5 years, are not well taken.

The judgment is affirmed.

AFFIRMED.