STATE OF NEBRASKA, APPELLEE, V. DOUGLAS HUGGINS, REAL
NAME UNKNOWN, APPELLANT.
185 N. W. 2d 849

Filed April 16, 1971. No. 37715.

Jack R. Knicely, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant was found guilty by a jury on three counts of burglary. He was sentenced to 1 to 3 years in the Penal and Correctional Complex on each count, sentences to run concurrently.

The defendant assigns as error the overruling of a motion to suppress evidence. The evidence was seized from the defendant's automobile under a search warrant issued on March 29, 1970, by the county judge of Cheyenne County, upon the affidavit of Allan L. Anderson, an officer of the Nebraska State Patrol.

We think it appropriate to refer to some of the facts set out in the affidavit. The affiant stated that a building owned and occupied by Foster Lumber Co., situated at

Sidney, Cheyenne County, Nebraska, was broken into and entered on or about the 28th day of March 1970. Property stolen included masking tape, drill bits, tools, and $175 in cash. The affiant also stated that at approximately 11 p.m., two Sidney, Nebraska, police officers contacted a 1958 Chevrolet station wagon, light blue-green in color, bearing Nebraska license plates 68-E536, which license plates were issued to the defendant and his mother as joint owners; that the car was parked adjacent to the Sidney High School cafeteria; that the officers instructed the driver of the vehicle to leave; and that later that same night, the same police officers found several drill bits matching the description of the drill bits stolen from the Foster Lumber Co. near the location where said vehicle had been parked.

The affiant further stated that at approximately 3:45 o'clock a.m., he responded to a call from Lodgepole, Cheyenne County, Nebraska, on another breaking and entering; that while he was investigating the crime, he observed a 1958 Chevrolet station wagon, light blue-green in color, bearing license plates 68-E536 (Nebraska), and upon looking in the window of said vehicle, he observed a roll of masking tape with a price tag from Foster Lumber Co. on it; that said vehicle was located approximately 100 yards from the building in Lodgepole that was broken into and entered; and that he also observed in said vehicle, among other things, miscellaneous crescent wrenches, electrician's pliers, a hacksaw, a hammer, miscellaneous screwdrivers, and miscellaneous box-end wrenches.

The warrant issued and the officers searched the vehicle pursuant to the warrant and seized the described articles, plus numerous other articles of the same character, as well as three billfolds belonging to the defendant and two companions.

Although defendant's motion to suppress was filed after the regular time provided by section 29-822, R. R. S. 1943, the court permitted the filing, heard the motion,

and overruled it. The State contends that the motion to suppress was out of time without good cause and that objections to the use of the evidence seized should be deemed waived. We think the trial court's action in permitting the filing and hearing of defendant's motion to suppress after trial began was correct, but we do not find it necessary to pass on that issue here.

The defendant contends that the affidavit for the search warrant was somehow insufficient because it failed to name the informants or identify the source for the information obtained outside the affiant's personal observation. These contentions are completely untenable. The affidavit here is a thorough and complete affidavit. The information obtained by personal observation of the officer who made the affidavit would have been sufficient in itself to establish probable cause, but he included also information from persons identified only as fellow officers. It has long been held that an affidavit may be based on hearsay information and need not reflect the direct observations of the affiant so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions. See United States v. Ventresca, 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684.

Affidavits for search warrants must be tested in a common sense, realistic fashion. State v. LeDent, 185 Neb. 380, 176 N. W. 2d 21; State v. Waits, 185 Neb. 780, 178 N. W. 2d 774. The authority of an individual officer should not be circumscribed by the scope of his firsthand knowledge of facts concerning a crime, and observations of fellow officers of the government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number. The correct test is whether a warrant, if sought, could have been obtained by law enforcement agency application which disclosed its corporate information, not whether any one particular officer could have obtained it on what information he individually possessed. See, Smith v. United States, 358 F. 2d 833; United States v. Ven-

tresca, *supra.* Probable cause is to be evaluated by the courts on the basis of the collective information of the police reflected in the affidavit rather than being limited to the firsthand knowledge of the officer who executes the affidavit.

The action of the district court in overruling the motion to suppress evidence was correct. The judgment is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.