**Larry LeDENT, Petitioner,**

v.

**Charles L. WOLFF, Jr., Warden, Nebraska Penal Complex, Respondent.**

**No. 71–1656.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1972.

Decided May 19, 1972.

As Modified on Denial of Rehearing May 31, 1972.

Paul E. Watts, Omaha, Neb., for petitioner.

Calvin E. Robinson, Asst. Atty. Gen., Lincoln, Neb., for respondent.

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and LAY, Circuit Judge.

PER CURIAM.

██ This matter comes before us on a denial of a writ of habeas corpus to a Nebraska state prisoner by the federal district court. 334 F.Supp. 64 (D.Neb. 1971). The petitioner was convicted in the Nebraska state court of unlawful possession of marijuana. His appeal to the Nebraska Supreme Court was affirmed. State v. LeDent, 185 Neb. 380, 176 N.W.2d 21 (1970), cert. denied 400 U.S. 917, 91 S.Ct. 177, 27 L.Ed.2d 157. In his petition for habeas corpus in the federal district court he raises issues identical to those he raised in his direct appeal before the Nebraska Supreme Court: (a) that the search warrant was wrongfully issued for lack of probable cause [1] and (b) that he was wrongfully entrapped. However, in his federal petition petitioner asserts a new ground, that the affidavit of the police officer falsely recited that affiant had received other information from "the reliable informant" which coincided with information received from other reliable sources.[2] This specific attack is materi-

---

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by special designation.

1. The warrant recites:
   "That the said Larry LeDent is a resident at the above address and is the son of the registered title holder; that a reliable informant related to the investigative authorities that the said Larry LeDent has offered to the said reliable informant certain narcotic drugs for resale; that on Friday, November 1, 1968, the said Larry LeDent told the said reliable informant that he had fifty (50) lids of marijuana available and also a homemade brick of grass available for resale; and that he knows the reliable informant knows that the narcotics are kept at the residence at 13450 Frederick Street, Omaha, Douglas County, Nebraska."
   The affidavit contains the above recitation along with an added statement:
   "The reliable informant has given your Affiant other information that coincides with information received from other reliable sources. Said reliable informant's information has been verified and that information received has been the truth. The said Larry LeDent is now charged under an information charging him with possession of depressant or stimulant drugs in a separate incident."

2. It might be urged that this is not a *new* ground since the state district court and the Nebraska Supreme Court did have the opportunity to pass on this issue. Petitioner raised this issue in his motion for

ally distinct from the objections to the warrant passed upon in the state court. Cf. Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (March 22, 1972).

■■■ The evidence conflicted on the issue of entrapment (185 Neb. at 383, 176 N.W.2d at 23) and thereby foreclosed the matter for collateral attack under 28 U.S.C. § 2254. Only the Fourth Amendment question on the search warrant remains for consideration here. In this regard, the Supreme Court of Nebraska viewed the police officer's affidavit as complying "with constitutional requirements marginally." 185 Neb. at 384, 176 N.W.2d at 24. The tests of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)[3] are still controlling: whether the informant is reliable; the reasons why the affiant finds the informant to be reliable; and the underlying circumstances which support the informant's conclusions in showing how he knows what he claims. From this information the magistrate must independently determine whether probable cause exists to issue a search warrant. One of the critical and troublesome questions here is whether there exists sufficient corroboration of the reliability of the informant.[4] A mere assertion that the informant is reliable is not enough. United States v. Harris, 403 U.S. 573, 579, 91 S.Ct. 2075, 29 L. Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584 (1969). The Supreme Court seems to be of several minds on the quantum of corroboration which is necessary to sufficiently demonstate that an informant is reliable. See United States v. Harris, supra (dissenting opinion of Mr. Justice Harlan, joined in by Justices Douglas,

new trial in the state court. The trial court did not specifically rule on it. The record indicates that the trial court felt that the issue was not timely raised to be heard on a motion for new trial. Defendant's counsel had not raised the issue in the earlier hearing on the motion to suppress. In overruling the motion for new trial the trial court indicated that the defendant had the burden of proof in attacking the search warrant. It may be that the defendant's counsel in reasoning that the state had the burden of proving the truthfulness of the affidavit and the regularity of the search warrant felt that he did not have to produce testimony on this issue. In any event, he failed to do so. When the Nebraska Supreme Court was confronted with the issue it did not specifically pass on the question. There was no meaningful record for it to review on this issue. Therefore, we conclude that there was no meaningful opportunity for it to do so. Defendant has never sought a post-conviction hearing in the state court on this issue. Unless the state court would hold that the defendant has procedurally forfeited his right to attack the truthfulness of the affidavit and the regularity of the search warrant we find that defendant must do so before raising this question in the federal court.

Petitioner argues the evidence is undisputed that the affiant-police officer had never met the informant before the day the informant reported that LeDent had attempted to sell marijuana to him. The federal district court additionally points out that the statement within the affidavit which attempts to corroborate the informant's reliability does not appear on the warrant and is from a different typewriter than the rest of the affidavit. The district court suggests this material may have been *added* after it was presented to the magistrate. The court held nevertheless that petitioner did not sustain his burden of proof before it on these issues. We agree with the district court that the burden of proof in attacking the truthfulness of the affidavit would be on the petitioner. However, the state forum is best situated for petitioner to develop the facts as to whether the affidavit was complete when submitted to the magistrate and if so, whether it set forth facts which were not true.

3. Four justices in *Harris* discounted the "dictum" in *Spinelli* that the defendant's reputation cannot be used in weighing probable cause. United States v. Harris, 403 U.S. 573, 582, 91 S.Ct. 2075 (1971).

4. The only statement of direct corroboration is that, "The reliable informant has given your Affiant other information that coincides with information received from other reliable sources." Cf. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584 (1969).

**1004**

Brennan and Marshall, 403 U.S. at 586, 91 S.Ct. 2075).

■ We deem it best that we should not pass on this constitutional issue until the petitioner has fully exhausted his state remedy on his claim that the affidavit is not truthful. If petitioner is successful in proving this claim the state court may well view the attack on the warrant differently. Although we do not encourage piecemeal litigation, this court continues to adhere to the policy that the state courts are the proper and logical forums for state prisoners to assert their claims in the first instance. See Blackwell v. Wolff, 454 F.2d 48 (8 Cir. 1972); Mayes v. Sigler, 428 F.2d 669 (8 Cir. 1970).

The judgment is vacated and the cause remanded with directions to the district court to dismiss the petition for failure to exhaust state remedy.